UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DONALD,

    Plaintiff,

v.

CRAIG CIESZKOWSKI, et al.,

    Defendants.

Case No. 17-cv-12190
Hon. Matthew F. Leitman

_____/

## **ORDER FOR SUPPLEMENTAL BRIEFING**

Now pending before the Court is Defendants' Motion for Summary Judgment. The Court has reviewed the parties' briefs and has concluded that it would benefit from supplemental briefing as described below.

There appears to be a conflict between some of the evidence relied upon by Plaintiff and some of the factual findings made by the state-court trial judge in Plaintiff's state-court criminal trial. By way of example, Plaintiff testified that when the Defendants crossed the street and confronted him, they (1) did not say anything to him before tasing him and (2) more specifically, did not warn him to put his hands behind his back before tasking him (*see* Pl.'s Dep. at 49-50, 92-93, ECF #14-2 at Pg. ID 263, 273-74), but the state-court judge found that before Plaintiff was tased, he "did not obey the lawful command to turn around and put his hands behind his back."

1

(State Trial Ct. Findings, ECF # 12-5 at Pg. ID 143.) Similarly, Seretha Greeley testified in Plaintiff's state-court trial that Plaintiff did not resist at all – indeed, that he was not even conscious – after he was tased (*see* S. Greeley Trial Testimony at 216-18, ECF 14-5 at Pg. ID 308-09), but the state-court trial judge found that after Plaintiff was tased, he "continued to struggle with the three officers as they attempted to handcuff him" and "continued to resist the efforts of the three police officers to put him in the police car." (State Trial Ct. Findings, ECF # 12-5 at Pg. ID 143-44.)

In supplemental briefs, the parties should address whether, in the context of the pending motion for summary judgment, the Court is bound by the state-court's factual findings or whether the Court must credit Plaintiff's evidence when there is a conflict between the state court's factual findings and evidence cited by Plaintiff. If Defendants contend that the Court is bound by the state court's findings under the doctrines of res judicata and/or collateral estoppel, Defendants shall cite case law supporting that contention – preferably Sixth Circuit authority applying those doctrines (or approving application of those doctrines) in the context of a Section 1983 action that follows a state-court criminal conviction, if such authority exists. If Plaintiff contends that the Court must accept his evidence over contradictory findings by the state court, he shall cite authority supporting that contention.

Defendants shall file their supplemental brief by not later than **May 3, 2019**.

Plaintiffs shall file their responsive supplemental brief by not later than **May 13, 2019**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 24, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764